## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| KELLY MCSEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01314-SPM |
| | ) | |
| MARY LEMONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Kelly McSean's Application to Proceed in District Court Without Prepaying Fees and Costs. Based on Plaintiff's financial information, the Court grants her Application and assesses an initial partial filing fee of $24.75. For the following reasons, on initial review, the Court dismisses Plaintiff's complaint for failure to state a claim upon which relief may be granted.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the

average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a ledger from her prison account for the six-month period from March 12, 2025 to September 4, 2025. A review of Plaintiff's account shows she had an average monthly deposit of $123.75. The Court will charge an initial partial filing fee of $24.75, which is 20 percent of Plaintiff's average monthly deposit.

## Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, a transgender woman incarcerated at Eastern Reception, Diagnostic and Correctional Center, brings this First Amendment retaliation case against

Defendant Mary Lemons.[1]  Plaintiff alleges Defendant Lemons yelled at her after she filed a grievance regarding the denial of her request for female undergarments.

Plaintiff alleges that while she was incarcerated at the St. Francois County Jail, she submitted a request to the canteen officer requesting to purchase female undergarments.  On June 21, 2023, Defendant Mary Lemons was escorted to Plaintiff's cell by several correctional officers.  She entered H-Pod asking, "Where is he, What cell is he in?"  Doc. 1 at 6.  Plaintiff alleges Lemons yelled and cursed at her "saying they have told you [that] you are not a woman, and you['re] not going to wear female undergarments." *Id.*  Another officer, Officer Baindridge, forced Plaintiff to say, "Yes Ma'am."[2]

Plaintiff alleges Defendant's actions caused pain and suffering, loss of enjoyment of life, and severe emotional distress.  *Id.* at 8.  She seeks nominal, compensatory, and punitive damages of an undetermined amount.

## Discussion

"A citizen's right to exercise First Amendment freedoms without facing retaliation from government officials is clearly established."  *Baribeau v. City of*

---

[1] Plaintiff identifies Mary Lemons only as a "road officer."  But she alleges Lemons works for the St. Francois County Sheriff's Department and not the Missouri Highway Patrol.  Doc. 1 at 2, 5.  It seems Plaintiff might be referring to Lemons as a "rogue officer."

[2] Plaintiff's action against Officer Baindridge alleging First Amendment retaliation arising out of this incident was dismissed on summary judgment.  *See McSean v. Baindridge*, 4:23-cv-1086-CDP (E.D. Mo. Jan. 23, 2026).  The Court found Baindridge was entitled to qualified immunity.  "While cases have addressed instances in which jail officials unconstitutionally retaliated against inmates with threats of serious harm to safety, physical and verbal intimidation, harassment, and

*Minneapolis*, 596 F.3d 465, 481 (8th Cir. 2010) (quotation omitted). Those First Amendment freedoms include the right to seek redress under a prison's grievance system. *Santiago v. Blair*, 707 F.3d 984, 994 (8th Cir. 2013). To establish a First Amendment claim of retaliation under § 1983, Plaintiff must show that: (1) she engaged in protected activity, (2) Defendant took adverse action against her that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated by Defendant's retaliatory animus toward Plaintiff's exercise of the protected activity. *Nieters v. Holtan*, 83 F.4th 1099, 1110 (8th Cir. 2023).

"The ordinary-firmness test is well established in the case law, and is designed to weed out trivial matters from those deserving the time of the courts as real and substantial violations of the First Amendment." *Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013) (quoting *Garcia v. City of Trenton*, 348 F.3d 726, 728 (8th Cir. 2003)). De minimis injuries do not rise to the level of real and substantial violations of the First Amendment. "[T]here are some injuries so de minimis that they do not rise to the level of a constitutional violation." *Doering v. Reed*, 2016 WL 3148642, *3 (W.D. Ark. Apr. 29, 2016) (collecting cases where de minimis allegations were

---

deprivation in living conditions . . . those cases do not address a sufficiently close analogue to the circumstances here where Bainbridge did not engage in threatening, intimidating, or harassing behavior nor impose any conditions on McSean that could be considered retaliatory." *Id.* at Doc. 105.

insufficient to support a retaliation claim); *Rustan v. Rasmussen*, 2000 WL 227987, *2 (8th Cir. Feb. 11, 2000) (per curiam) (issuing summary judgment for defendants on plaintiff's claims of retaliatory verbal harassment; finding verbal threats are not constitutional violations cognizable under §1983).

Here, Plaintiff does not allege that Defendant threatened her. Plaintiff alleges Defendant yelled, "They have told you [that] you are not a woman and you['re] not going to wear female undergarments." Doc. 1 at 6. The Court cannot find any case or legal authority—and Plaintiff cites to none—in which a court has found yelling, without using threatening language, would chill a person of ordinary firmness from engaging in protected activity. *See Doering*, 2016 WL 3148642 at *3; *Naucke v. City of Park Hills*, 284 F.3d 923, 928 (8th Cir. 2002) (finding harassing, offensive, unprofessional, and inappropriate comments insufficient to deter a person of ordinary firmness from continuing to speak out). For these reasons, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs is **GRANTED**. (Doc. 2)

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $24.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to

make her remittance payable to "Clerk, United States District Court," and to include upon it:  (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Mary Lemons are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** as moot.  (Doc. 3)

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 11th day of  February,  2026.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE